**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE RAYMOND P. MOORE**

| | |
|---|---|
| Courtroom Deputy: Cathy Pearson | Date:   November 20, 2014 |
| Court Reporter: Tammy Hoffschildt | Interpreter: n/a |
| Probation Officer:   Gary Kruck | |

**CASE NO.   14-cr-00107-RM**

| Parties | Counsel |
|---|---|
| UNITED STATES OF AMERICA, | Judith Smith |
|     Plaintiff, | |
| v. | |
| 1.  MERVIN EDY WOLF, | Scott Varholak |
|     Defendant. | |

## COURTROOM MINUTES

**SENTENCING HEARING
COURT IN SESSION:        10:03 a.m.**
Appearances of counsel.   Defendant is present and in custody.

Discussion held regarding letters and pictures submitted to the Court, the Presentence Investigation Report, and the sentencing guidelines.

Defendant entered his plea on July 24, 2014, to Counts 2 through 4 of the Indictment. The Court formally accepts the Plea Agreement at this hearing.

The Government's counsel orally moves for the third point for acceptance of responsibility and for dismissal of Count 1 of the Indictment.

Discussion held regarding the Government's Objection to the Presentence Investigation Report (Doc. 37).

**ORDERED:**   The Government's Objection to the Presentence Investigation Report (Doc. 37) is overruled.

**ORDERED:**  The Government's oral motion for third point of acceptance of responsibility is GRANTED.

The Government tenders Plaintiff's Exhibit 1 to the Court.

**ORDERED:**  Plaintiff's Exhibit 1 will be filed under Restriction Level 1.

Discussion held regarding Plaintiff's Exhibit 1.

Argument presented regarding Defendant's Motion for Variant Sentence (Doc. 35).

Victim #1 addresses the Court.

12:23 p.m.     Court in recess.
12:36 p.m.     Court in session.

Court makes statements regarding guideline calculations.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, and comments on matters relating to the appropriate sentence.

Defendant addresses the Court regarding sentencing.

Court makes statements regarding defendant's offense level, criminal history level, and sentencing guidelines range.

Court states its findings and conclusions.

**ORDERED:**  Defendant's Motion for Variant Sentence (Doc. 35) is DENIED.   The Court, however, does impose a variant sentence based on the findings stated on the record.

**ORDERED:**  The Government's oral motion for dismissal of Count 1 is granted.

**ORDERED:**  Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Mervin Edy Wolf, is hereby committed to the custody of the Bureau of Prisons to be **imprisoned** for a total term of **720 (seven hundred and twenty)** months (360 months as to Counts 2, 3 and 4. Count 3 is consecutive to Count 2, and Count 4 is concurrent to Count 3).

Counsel for the Government requests that the restitution portion of the sentence be stayed, pending another hearing on the issue.

**ORDERED:**  The Government's request that the restitution portion of the sentence be stayed is GRANTED.

A hearing on the restitution issue will be set within 90 days.

Court RECOMMENDS that the Bureau of Prisons place the defendant at **FCI - Englewood**.

**ORDERED:** Upon release from imprisonment, defendant shall be placed on **supervised release for a term of LIFE**.

**ORDERED: Conditions** of Supervised Release that:

- (**X**) Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released.

- (**X**) Defendant shall not commit another federal, state or local crime.

- (**X**) Defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

- (**X**) Defendant shall comply with standard conditions recommended by U.S. Sentencing Commission.

- (**X**) Defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.

- (**X**) Mandatory drug testing provisions of 18 U.S.C. § 3583(d) are WAIVED because the presentence investigation report indicates a low risk of future substance abuse by the defendant.

- (**X**) The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16911, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.

**ORDERED: Special Condition** of Supervised Release that:

- (**X**) The defendant shall participate in and successfully complete an approved program of sex offender evaluation and treatment as directed by the probation officer, which may include polygraph, plethysmograph and visual reaction time measuring instruments as determined therapeutically appropriate. The defendant will be required to pay the cost of these evaluations and treatment. The defendant shall comply with the rules and restrictions specified by the treatment agency. The Court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.

(**X**)   The defendant's use of computers and Internet access devices shall be limited to those the defendant requests to use, and which the probation officer authorizes.   The defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media,   and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

(**X**)   The defendant shall allow the probation officer to install software/hardware designed to monitor computer activities on any computer the defendant is authorized by the probation officer to use. The software may record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations.   A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software on the computer. The defendant shall not attempt to remove, tamper with, reverse engineer, or in any way circumvent the software/hardware.

(**X**)   The defendant shall have no unsupervised contact with minors.

(**X**)   The defendant is prohibited from having any communication with any individual under the age of 18 regarding a matter of sexual nature or regarding a sexual matter throughout the term of his supervised release.

(**X**)   The defendant shall comply with the terms and conditions for payment of the special assessment, restitution or fine imposed by this judgment.

(**X**)   The defendant shall pay any **special assessment, restitution, fine** that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

**ORDERED:**   Defendant shall pay **$300** ($100 for each count) to **Crime Victim Fund** (Special Assessment), to be paid immediately.

**ORDERED:   No fine** is imposed because defendant has no ability to pay a fine.

The Court finds, pursuant to 18 U.S.C. § 3663A(c)(3)(B), that determining complex issues of fact related to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process.

Defendant advised of right to appeal.   **Any notice of appeal must be filed within 14 days.**

**ORDERED:**  A copy of the presentence report shall be forwarded to the U.S. Bureau of Prisons and the U.S. Sentencing Commission.

**ORDERED:**  Defendant is REMANDED to the custody of the U.S. Marshal.

**Court in recess:**    1:15 p.m.
Hearing concluded.
Total time:    2:59